Penshurst Trading Inc. v. Zodax

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand sixteen.

PRESENT: GERARD E. LYNCH,
ROBERT D. SACK,
*Circuit Judges*,
J. GARVAN MURTHA
*District Court Judge.*[*]

_____

PENSHURST TRADING INC.,
DBA JULISKA
*Plaintiff—Counter-Defendant—Appellee*,

v.                                                                No. 15-2557

ZODAX L.P.,
*Defendant—Counter-Claimant—Appellant.*
_____

FOR APPELLANT:          MICHAEL HARRIS (Steven C. Sereboff, M. Kala Sarvaiya, *on the brief*), SoCal IP Law Group LLP, Westlake Village, CA.

FOR APPELLEE:            EDWARD T. COLBERT (Jonathan W. Thomas, *on the brief*), Kenyon & Kenyon LLP, Washington, DC.

_____

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Zodax appeals from the district court's denial of its motion for attorney's fees pursuant to the fee-shifting provisions of the Copyright Act and the Lanham Act. Zodax argues that the district court abused its discretion in holding that Appellee Penshurst's copyright, trademark, and trade dress claims, which were voluntarily dismissed, did not present a sufficiently "exceptional" case to warrant an award of attorney's fees to Zodax. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Our review of the denial of an award of attorneys' fees is 'highly deferential to the district court.'" *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001), quoting *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999). The district court "is intimately familiar with the nuances of the case, [and] is in a far better position to make certain decisions than is an appellate court, which must work from a cold record." *Matthew Bender & Co. v. West Publ'g. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (internal quotation marks omitted). Accordingly, "the district court's determination will be reversed on appeal only for an abuse of discretion." *Alderman*, 169 F.3d at 102.

The court may award attorney's fees to a prevailing party under the Lanham Act only in "exceptional cases." 15 U.S.C. § 1117(a). Zodax was the prevailing party in light of Penshurst's voluntary dismissal of this action with prejudice. *See, e.g.*, *Nemaizer v.*

2

*Baker,* 793 F.2d 58, 60 (2d Cir. 1986). Historically, we have held that a case may be "exceptional" only where it involves "fraud or bad faith or willful infringement." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012) (internal quotation marks omitted) (citing *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003). The Supreme Court recently clarified that a case may be "exceptional" under the Patent Act even without proof of such culpable intent, as long as the case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). We have not yet decided whether this rule applies in the context of the Lanham Act, but we need not do so here. Even assuming, without deciding, that *Octane Fitness* applies, we nonetheless affirm the district court's denial of attorney's fees.

Zodax notes potential weaknesses in Penshurst's Lanham Act claims that might direct an ultimate decision on the merits, arguing that the district court erred in not awarding attorney's fees on that basis. But the task before us is not an adjudication on the merits, but rather a determination as to whether Penshurst's claims were so "exceptional" as to warrant fee-shifting. Penshurst alleged in its complaint that a representative of Zodax approached Penshurst's chief executive officer, stating, "Do you like our 'Juliska-ish' products?" A. 88. While this alone might not be sufficient to prevail on the merits, it indicates, as the district court noted, that Penshurst's trademark claim was something more than frivolous or a mere "shakedown." A. 16. The same is true of Penshurst's trade

3

dress claim, which characterized the design of the company's glassware as a protectable source identifier based on several relevant forms of evidence, including unsolicited media coverage and attempts to plagiarize. The district court did not abuse its discretion in holding that, even if we assume arguendo that the more lenient standard of *Octane Fitness* applies, Penshurst's claims were not "exceptional."

Similarly, Zodax's argument that the district court erred when it exercised its discretion not to award attorney's fees under the Copyright Act must fail. A claim of copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The district court determined that Penshurst's registration of copyright was "probative of the objective reasonableness of Plaintiff's belief that its designs were copyrightable, even if such beliefs were ultimately erroneous." A. 17 (emphasis removed). The similarity in appearance between Juliska's products and Zodax's allegedly infringing ones demonstrates that a belief that the work was copied was also objectively reasonable.

In sum, the district court did not abuse its discretion in declining to award attorney's fees to Zodax under either the Lanham Act or Copyright Act. We have considered Zodax's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5