Opinion dissenting'in part filed by Circuit Judge WALLACH.
DYK, Circuit Judge.
This case returns to us on vacatur and remand from the Supreme Court, “for further consideration in light of Halo Electronics, Inc. v. Pulse Electronics, Inc., 579 U.S.-, 136 S.Ct. 1923, 195 L.Ed.2d 278 (2016).” WesternGeco LLC v. ION Geophysical Corp., — U.S.-, 136 S.Ct. 2486, 195 L.Ed.2d 820 (2016) (Mem.), On remand, we vacate the district court’s judgment with respect to enhanced damages for willful infringement under 35 U.S.C. § 284 and reinstate our earlier opinion and judgment in all other respects. We remand for further proceedings consistent with this opinion and with the Supreme Court’s decision in Halo.
BACKGROUND
The vacated decision, WesternGeco L.L.C. v. ION Geophysical Corp. (“WesternGeco II”), 791 F.3d 1340 (Fed. Cir. 2015), addressed a patent infringement suit by WestemGeco L.L.C. (“WesternGe-co”) against ION Geophysical Corp. (“ION”) for infringement of, inter alia, U.S. Patent Nos. 6,691,038, 7,080,607, 7,162,967, and 7,293,520. See WesternGeco L.L.C. v. ION Geophysical Corp. (‘WesternGeco I”), 953 F.Supp.2d 731 (S.D. Tex. 2013). The jury found infringement and no invalidity as to all asserted claims and awarded WestemGeco $93.4 million in lost profits and a.reasonable royalty of $12.5 million. The jury also found that ION’s infringement, had been subjectively reckless under the “subjective” prong of the then-prevailing two-part test articulated in In re Seagate, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).
After trial, WestemGeco moved for enhanced damages for willful infringement under 35 U.S.C. § 284. ION moved for judgment as a matter of law (“JMOL”) of no willful infringement, contending that WestemGeco had failed to prove that it was either objectively or subjectively reckless in its infringement. The district court held that ION was not a willful infringer meriting enhanced damages, finding that ION’s positions were reasonable and not objectively baseless and thus that the objective prong of the Seagate test had not been satisfied. WesternGeco I, 953 F.Supp.2d at 753. Because the district court found no objective recklessness on the part of ION, it did not reach ION’s JMOL motion seeking to set aside the jury’s finding of subjective recklessness. Id.
ION appealed to our court, asking us, inter alia, to reverse the district court’s award of lost profits. WestemGeco cross-appealed, challenging the district court’s refusal to award enhanced damages. Our opinion issued on July 2, 2015. WesternGeco II, 791 F.3d at 1340. In section III.of that opinion, we reversed the lost profits award, holding that WestemGeco was not entitled to lost profits resulting from foreign uses of its patented invention. Id. at 1351. On this issue Judge Wallach dissented. Id. at 1364 (Wallach, J., dissenting-in-part). In section V of the opinion of the court, we unanimously affirmed the district court’s denial of WesternGeco’s motion for enhanced damages,. holding, that ION’s noninfringement and invalidity defenses *1361 were not objectively unreasonable and; as such, we agreed with the district court that the objective prong of the Seagate test had not been met. Id. at 1353-54.
WesternGeco petitioned for certiorari on February 26, 2016. Petition for Writ of Certiorari, WesternGeco, LLC v. ION Geophysical Corp., 2016 WL 792196 (U.S. Feb. 26, 2016) (No. 15-1085) (“Petition”). The petition, inter alia, requested that the petition be held in view of Halo Electronics, Inc. v. Pulse Electronics, Inc. and Stryker Corp. v. Zimmer, Inc., which were argued February 23, 2016, and involved the standard for enhanced damages. WesternGe-co’s petition argued that “[i]f the result of Halo and Stryker is other than a complete affirmance and approval of Federal Circuit law, the Court should grant certiorari, vacate, and remand [(“GVR”)] for further consideration.” Id. at *31.
The. Supreme Court decided Halo on June 13, 2016. Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S.-, 136 S.Ct. 1923, 195 L.Ed.2d 278 (2016). The Supreme Court granted certiorari in this case and issued its GVR order on June 20, 2016, remanding the ease to us “for further consideration in light of Halo.” WesternGeco, at 2486. We recalled our mandate on July 25, 2016. We now consider what action is appropriate in this case in view of the Supreme Court’s remand.
Disoussion
The Supreme Court’s Halo decision was solely concerned with the question of enhanced damages for patent infringement under 35 U.S.C. § 284 and does not affect other aspects of our earlier opinion.[1] As such, we reinstate our earlier opinion except for section V. Section V of our earlier opinion was specifically directed to the question of enhanced damages, and it is that section that we now revisit.
I
Before Halo, under our court’s two-part Seagate test, a patentee seeking enhanced damages for willful infringement was. required to prove both an objective and a subjective prong. Under the objective prong, a patentee was required to “show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its. actions constituted infringement of a valid patent.” Seagate, 497 F.3d at 1371. “If this threshold objective standard [was] satisfied,” the patentee was then required to prove subjective recklessness, i.e., to “demonstrate that *1362 this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.” Id. If the patentee proved both prongs of willful infringement, the ultimate determination of whether to award enhanced damages under § 284 and the extent of any enhancement were left to the district court’s discretion. See id. at 1368 (“[A] finding of willfulness does not require an award of enhanced damages; it merely permits it.”).
The Supreme Court’s decision in Halo overturned the Seagate test because it “ ‘is unduly rigid, and it impermissibly encumbers the statutory grant of discretion to the district courts.’” 136 S.Ct. at 1932 (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., — U.S.-, 134 S.Ct. 1749, 1755, 188 L.Ed.2d 816 (2014)). Halo held that district courts must have greater discretion in awarding enhanced damages in cases where the defendant’s infringement was egregious, cases “typified by willful misconduct.” Id. at 1934. “The Seagate test reflects, in many respects; a sound recognition that enhanced damages are generally appropriate under § 284 only in egregious cases.” Id. at 1932.
But, the Court held, “[t]he principal problem with Seagate’s two-part test is that it requires a finding of objective recklessness in every casé before district courts may award enhanced damages.” Id. In particular, the Court rejected Seagate’s strict requirement that a patentee prove the objective unreasonableness of an in-fringer’s defenses. Id.; see WBIP, LLC v. Kohler Co., No. 15-1038, 829 F.3d 1317, 1341, 2016 WL 3902668, at *15 (Fed. Cir. July 19, 2016) (under Halo, “[pjroof of an objectively reasonable litigation-inspired defense to infringement is no' longer a defense to willful infringement”). At the same time, Halo did not disturb the substantive standard for the second prong of Seagate, subjective willfulness. Rather, Halo emphasized that subjective willfulness alone — i.e., proof that the defendant acted despite a risk of infringement that was “ ‘either known or so obvious that it should have been known to the accused infringer,’ ” Halo, 136 S.Ct. at 1930 (quoting Seagate, 497 F.3d at 1371) — can support an award of enhanced damages. “The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless.” Id. at 1933; see also id. at 1930 (describing the second prong of Seagate as an evaluation of the infringer’s “subjective knowledge”).
Additionally, the Court stressed throughout Halo that, if willfulness is established, the question of enhanced damages must be left to the district court’s discretion. So too, Halo stressed that “[ajwards of enhanced damages ... are not to be meted out in a typical infringement case, but are instead designed as a ‘punitive’ or ‘vindictive’ sanction for egregious infringement behavior.” Id. at 1932. “[N]one of this is to say that enhanced damages must follow a finding of egregious misconduct. As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount. Section 284 permits district courts to exercise their discretion in a manner free from the inelastic constraints of the Seagate test.” Id. at 1933-34. On remand from the Supreme Court, our couyt recently reconsidered enhanced damages in the case of Halo itself and, in returning the issue to the district court, emphásized the district court’s discretion. Halo Elecs., Inc. v. Pulse Elecs., Inc., No. 13-1472, 831 F.3d 1369, 1381-82, *1363 2016 WL 4151239, at *10 (Fed. Cir. Aug. 5, 2016).
After Halo, the objective reasonableness of the accused infringer’s positions can still be relevant for the district court to consider, when exercising its discretion. Halo looked to Octane Fitness for the relevant standard. Halo, quoting Octane Fitness, held that there is “ ‘no precise rule or formula’ ” to determine whether enhanced damages should be awarded and that district courts should generally “ ‘exercise[ ] [their discretion] in light of the considerations’ underlying the grant of that discretion.” Halo, 136 S.Ct. at 1932 (quoting Octane Fitness, 134 S.Ct. at 1756). Octane Fitness in turn held that, in determining whether to award • attorney’s fees under § 285, a district court should “consider!] the totality of the circumstances.” Octane Fitness, 134 S.Ct. at 1756. In that connection Octane Fitness relied on “the comparable context of the Copyright Act,” id. noting that “[i]n Fogerty v. Fantasy, Inc., for example, [the Court] explained that in determining whether to award fees under a similar provision in the Copyright Act, district courts could consider a ‘nonexclusive’ list of ‘factors,’ including ‘frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence,’ ” id. at 1756 n.6 (emphasis added and internal citation omitted). Thus, objective reasonableness is one of the relevant factors. In short, as the Supreme Court itself has said, district courts should exercise their discretion, “tak[ing] into account the particular circumstances of each case,” and consider all relevant factors in determining whether to award enhanced damages. Halo, 136 S.Ct. at 1933-34.
II
Here, in granting ION’s motion for JMOL of no willful infringement, the district court found that WesternGeco had not proved that ION’s defenses to infringement were objectively unreasonable and consequently concluded that the first, objective prong of the Seagate test had not been met. WesternGeco I, 953 F.Supp.2d at 751. As Halo has rejected the Seagate rule that a patentee’s failure to establish the objective recklessness of the defendant’s infringement precludes a finding of willfulness, we must vacate the district court’s determination of no -willful infringement by ION.
On remand the district court must consider two questions. The first of these is subjective willfulness. The jury here was instructed on the Seagate standard for subjective willfulness.[2] The jury found that WesternGeco had “prove[d] by clear and convincing evidence that ION actually knew, or it was so obvious that ION should have known, that its actions constituted infringement of a valid patent claim.” J.A. 77. We note that ION’s renewed motion for JMOL contended that the jury’s verdict of subjective willfulness was unsupported by substantial evidence. ION argued that “no reasonable jury could conclude that the subjective-prong of . the willfulness inquiry was established, by *1364 clear and convincing evidence.” WesternGeco I, No. 4:09-cv-01827, ECF No. 559, at 16 (ION’s renewed motion for JMOL of no willful infringement of Sept. 28, 2012). On remand, the district court must review the sufficiency of this evidence as a predicate to any award of enhanced damages, mindful of Halo’s replacement of Seagate’s clear-and-convincing evidence standard with the “preponderance of the evidence standard.” Halo, 136 S.Ct. at 1934.[3]
The second issue that the district court must consider on remand, if the jury’s finding of willful infringement is sustained, is whether enhanced damages should be awarded. Halo emphasized that the question of enhanced damages under § 284 is one that must be left to the district court’s discretion. The district court, on remand, should consider whether ION’s infringement constituted an “egregious case[ ] of misconduct beyond typical infringement” meriting enhanced damages under § 284 and, if so, the appropriate extent of the enhancement. Id, at 1935.
Conclusion
For the foregoing reasons, we vacate the judgment of the district court of no willful infringement by ION and remand for further consideration of enhanced damages under § 284. As to other aspects of the district court’s judgment, we hereby reinstate those aspects of our earlier judgment set forth in sections I-IV of our earlier opinion, which were not affected by the Supreme Court’s order.
AFFIRMED-IN-PART, REVERSED-IN-PART, VACATED-IN-PART, AND REMANDED
Costs
Costs to neither party.

. The opinion dissénting-in-part "join[s] the majority's opinion to the extent it applies the Supreme Court’s decision in Halo on the issue of enhanced damages for willful infringement under 35 U.S.C. § 284 (2012),” but disagrees on the issue of lost profits, ‘‘for the ' reasons articulated in [the] original dissent." Dissent at 1365. In fact, the. issue of lost profits is not properly before us, WesternGe-co’s petition for certiorari presented two questions. Petition, 2016 WL 792196, at *ii, 'The first was lost profits — namely, “[wjhether the court of appeals erred in holding that damages based on a patentee’s so-called ‘foreign lost profits’ are categorically unavailable in cases of patent infringement under 35 U.S.C. § 271(f).” Id. The second was "[w]hether the Court should hold this Petition for Halo and Stryker.” Id. The scope of the .. Supreme Court’s GVR order was limited to the second question, WesternGeco, at 2486. "The general rule is that, when the Supreme Court remands in a civil case, the court of appeals should confine its ensuing inquiry to matters coming within the specified scope of the remand.” Kotler v. Am. Tobacco Co., 981 F.2d 7, 13 (1st Cir, 1992); see also, e.g., Escalera v. Coombe, 852 F.2d 45, 47 (2d Cir. 1988) (upon GVR, “[a]ny reconsideration at this juncture of our earlier opinion must be limited to the scope of the Supreme Court’s remand”); Hermann v. Brownell, 274 F.2d 842, 843 (9th Cir. 1960) (on remand, "the jurisdiction of this Court is rigidly limited to those points, and those points only, specifically consigned to our consideration by the Supreme Court”).

. The jury was instructed to determine whether ION acted recklessly and to "consider all facts,” including "(1) Whether or not the in-fringer acted in accordance with' the standards of commerce for its industry; (2) Whether or not there is a reasonable basis to believe that the infringer did not infringe or had a reasonable defense to infringement; (3) Whether or not the infringer made a good-faith effort to avoid infringing the patent such as attempting to design a product the infringer believed did not infringe; [and] (4) Whether or not the infringer tried to cover up its infringement.” J.A. 11096.

. ION did not waive its challenge to the willfulness verdict based on the lack of subjective willfulness by failing to raise it on the first appeal. At the time of the first appeal it had raised the issue in a JMOL motion but the district court did not decide that issue (the •district court having ruled that there was a lack of objective willfulness, a ground then sufficient to set aside the willfulness verdict). Laitram Corp. v. NEC Corp., 115 F.3d 947 (Fed. Cir. 1997) is similar to this cáse. There the jury found both infringement and willfulness. Id. at 949. The district court entered JMOL of non-infringement and did not reach the issue of willfulness. Id. On the patentee's appeal we reversed the judgment of non-infringement and remanded. Id. On a second appeal by the accused infringer the question was whether the accused infringer had waived a challenge to willfulness (and enhanced damages) by failing to argue it as an alternative ground on the first appeal. Id. at 953-54. We held that there was no waiver because the jury's -finding of willfulness was “neither [itself] on appeal nor relevant to the sole issue that was: infringement ... [ánd] properly considered moot — until the reversal of JMOL of non-infringement” on appeal. Id. at 954; see also Eichom v. AT&T Corp., 484 F.3d 644, 657-58 (3d Cir, 2007); Indep. Park Apartments v. United States, 449 F.3d 1235, 1240-41 (Fed. Cir. 2006); Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 738-41 (D.C. Cir. 1995).
Thus, this case is distinguishable from our recent decision in Halo Electronics, Inc. v. Pulse Electronics, Inc., where the accused in-fringer failed to raise the issue at the JMOL stage in district court or "challenge the propriety of the jury finding of subjective willfulness” on appeal. No. 13-1472, 831 F.3d at 1381, 2016 WL 4151239, at *10 (Fed. Cir. Aug. 5, 2016). We do not suggest that appel-lees in the future can avoid waiver by limiting discussion on the first appeal to just one aspect of the overall issue of enhanced damages since under the Supreme Court’s decision in Halo, objective and subjective willfulness are no longer distinct issues.