**ROMAG FASTENERS, INC.,**
**Plaintiff-Appellant**

v.

**FOSSIL, INC., Fossil Stores I, Inc., Macy's, Inc., Macy's Retail Holdings, Inc., Belk, Inc., The Bon-Ton Stores, Inc., The Bon-Ton Department Stores, Inc., Dillard's, Inc., Nordstrom, Inc., Zappos.com, Inc., Zappos Retail, Inc., Defendants-Cross-Appellants**

2014-1856
2014-1857

United States Court of Appeals,
Federal Circuit.

May 3, 2017

Jonathan Freiman, Wiggin and Dana LLP, New Haven, CT, Tonia A. Sayour, Esq., Attorney, Norman H. Zivin, Cooper & Dunham, LLP, New York, NY, for Plaintiff-Appellant

Jeffrey E. Dupler, Attorney, Gibney Anthony & Flaherty, LLP, New York, NY, Lauren Albert, Attorney, The Law Offices of Lauren S. Albert, New York, NY, Lawrence Brocchini, Attorney, Reavis Parent LLP, New York, NY, Nicholas Geiger, Cantor Colburn LLP, Hartford, CT, for Defendant-Cross-Appellants

Before Dyk, Wallach, and Hughes, Circuit Judges.

## ORDER

Per Curiam.

The court has received a certified copy of the judgment from the Clerk of the Supreme Court of the United States in *Romag Fasteners, Inc. v. Fossil, Inc., et al.,* — U.S. —, 137 S.Ct. 1373, 197 L.Ed.2d 550 (2017). The Supreme Court granted certiorari, vacated, and remanded for further consideration our March 31, 2016 judgment in light of *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC,* 580 U.S. —, 137 S.Ct. 954, 197 L.Ed.2d 292 (2017).

The Supreme Court's *SCA Hygiene* decision was solely concerned with the defense of laches against a claim for patent infringement damages and does not affect other aspects of our earlier opinion. *Id.* at 16. As such, we reinstate our earlier opinion except for section I. *See WesternGeco LLC v. ION Geophysical Corp.,* 837 F.3d 1358, 1361 (Fed. Cir. 2016). Section I of our earlier opinion was specifically directed to the defense of laches.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The mandate issued on May 9, 2016, is hereby re-called and the appeal is reinstated.

(2) The June 27, 2014 judgment of the United States District Court for the District of Connecticut reducing Romag's jury award patent damages by eighteen percent due to the defense of laches is vacated. Under the Supreme Court's decision in *SCA Hygiene,* laches is not a defense to patent infringement within the statutory period.

(3) The case is remanded to that court to correct the damages judgment amount consistent with the Supreme Court's opinion.

(4) We hereby reinstate those aspects of our earlier decision and judgment set forth in sections II–III of our earlier opinion, *Romag Fasteners, Inc. v. Fossil, Inc.,* 817 F.3d 782 (Fed. Cir. 2016), affirming the district court's judgment declining to award Fossil's profits, which were not affected by the Supreme Court's order.

(5) Costs to neither party.