# United States Court of Appeals for the Federal Circuit

---

**NOVA CHEMICALS CORPORATION (CANADA),
NOVA CHEMICALS INC. (DELAWARE),**
*Plaintiffs-Appellants*

**v.**

**DOW CHEMICAL COMPANY,**
*Defendant-Appellee*

---

2016-1576

---

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-01601-LPS, Chief Judge Leonard P. Stark.

---

Decided: May 11, 2017

---

DONALD ROBERT DUNNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for plaintiffs-appellants. Also represented by MARK J. FELDSTEIN, DARRELL CHRISTOPHER KARL.

RAYMOND N. NIMROD, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, argued for defendant-appellee. Also represented by WILLIAM ADAMS, CLELAND B. WELTON, II; HARRY J. ROPER, AARON A. BARLOW, PAUL DAVID MARGOLIS, Jenner & Block LLP, Chicago, IL.

---

Before PROST, *Chief Judge,* DYK and HUGHES, *Circuit Judges.*

PROST, *Chief Judge*.

NOVA Chemicals Corp. (Canada) and NOVA Chemicals Inc. (Delaware) (collectively, "NOVA") appeal the district court's award of approximately $2.5 million in attorney fees to Dow Chemical Co. ("Dow") under 35 U.S.C. § 285. NOVA filed the underlying action in equity, seeking relief from a prior judgment that it had infringed certain Dow patents. The only issue in this appeal is whether the district court abused its discretion in finding this case exceptional for purposes of § 285. Because it did not abuse its discretion, we affirm.

## I. BACKGROUND

We provide only a brief summary of the background, which is recounted in more detail in our opinions addressing the merits of the underlying patent litigation. *See Dow Chem. Co. v. Nova Chems. Corp. (Canada)* ("*Dow I*"), 458 F. App'x 910 (Fed. Cir. 2012); *see also Dow Chem. Co. v. Nova Chems. Corp. (Canada)* ("*Dow II*"), 803 F.3d 620, 635 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 2452 (2016).

## A

In 2005, Dow filed an infringement action in the U.S. District Court for the District of Delaware, alleging that NOVA infringed U.S. Patent No. 5,847,053 and U.S. Patent No. 6,111,023 ("the asserted patents"). NOVA asserted numerous defenses, including arguments that the accused product did not infringe and that Dow lacked standing to sue because it had transferred ownership of the asserted patents. The court held a jury trial, followed by a bench trial on standing. The district court ultimately held that Dow had standing to sue and entered judgment against NOVA for over $61 million in damages ("the 2010

judgment"). J.A. 442; *see also Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 726 F. Supp. 2d 459 (D. Del. 2010); *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, No. 05-737-JJF, 2010 WL 3070189 (D. Del. July 30, 2010); *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, No. 05-737-JJF, 2010 WL 3056617 (D. Del. July 30, 2010). We affirmed that judgment on appeal. *Dow I*, 458 F. App'x at 921.

In a separate appeal from the district court's subsequent award of supplemental damages, we held the asserted patent claims to be invalid as indefinite under the Supreme Court's intervening indefiniteness standard in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). *Dow II*, 803 F.3d at 635. Our decision in *Dow II* did not disturb the 2010 judgment relating to preverdict infringement. The district court had entered final judgment pursuant to Federal Rule of Civil Procedure 54(b), which NOVA had already paid at the time of the second appeal.

During the supplemental-damages phase of the infringement action, NOVA became aware of evidence allegedly showing that Dow and its counsel had committed fraud on the court in the course of obtaining the 2010 judgment. By then, however, NOVA was time-barred from filing a motion under Federal Rule of Civil Procedure 60(b)(3) to set aside that judgment for fraud, misrepresentation, or misconduct. *See* Fed. R. Civ. P. 60(c)(1) (setting a one-year time bar). Accordingly, in September 2013, NOVA filed a separate action in equity against Dow ("the equity action") for relief from the 2010 judgment.

In its amended complaint, NOVA alleged two frauds on the court. First, NOVA asserted with respect to standing that Dow and its counsel had misrepresented Dow's ownership of the asserted patents. NOVA based this allegation on the testimony of a former Dow tax department employee, Edward Valenzuela, in an unrelated

Louisiana tax case ("the Louisiana action"). Mr. Valenzuela testified in that case: "I think [around the end of 2001] all of Dow's patents were contributed to an intangible holding company." J.A. 22554.

Second, NOVA alleged that Dow's counsel knew or should have known of a "scheme to mislead the jury" with respect to infringement. J.A. 21055, 21081, 21087, 21089 (capitalization omitted). In particular, NOVA contended that Dow's expert, Dr. Joao Soares, had provided conflicting testimony about testing on the accused product during a separate litigation in Canada (the "Canadian action").

Dow moved to dismiss the equity action. The court granted the motion and dismissed the complaint, holding that "[t]here [wa]s fundamentally no adequate allegation of the grave miscarriage of justice that is required under the extraordinary circumstances" for setting aside a prior judgment based on fraud. J.A. 21496. Specifically, the court noted that Mr. Valenzuela's testimony in the Louisiana action was "immaterial and irrelevant" to Dow's standing because the terms of the relevant patent transfer agreement were clear on their face, and Mr. Valenzuela's testimony "ha[d] nothing to do with the authenticity of [the version of] Schedule A" that had been held to be the controlling portion of the agreement. J.A. 21497. With respect to noninfringement, the district court held that NOVA had merely identified "arguably inconsistent statements by . . . Dr. Soares" that neither "plausibly alleged perjury" nor reached any fact that had been in material dispute at trial in the infringement action. J.A. 21498.

We affirmed the dismissal of the equity action. *Nova Chems. Corp. (Canada) v. Dow Chem. Co. ("Dow III")*, 607 F. App'x 993 (Fed. Cir. 2015) (Mem.).

B

Dow subsequently moved in the district court for sanctions, attorney fees, and costs under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the district court's inherent sanctioning authority.  In opposing the motion, NOVA submitted declarations regarding its pre-suit diligence, which allegedly showed it had filed the equity action in good faith.

The district court denied Dow's motion under 28 U.S.C. § 1927 and the court's inherent sanctioning authority.  It held that, as demonstrated by the extent of pre-suit diligence, NOVA did not file the equity action in bad faith.  *Nova Chems. Corp. v. Dow Chem. Co.* ("*Dow IV*"), No. 13-1601, 2015 WL 5766257, at \*4–5 (D. Del. Sept. 30, 2016).  The court, however, granted Dow's motion under § 285, which allows courts to award "reasonable attorney fees to the prevailing party" in "exceptional cases."  35 U.S.C. § 285.  The district court did so based on the weakness of NOVA's litigating position and the manner in which NOVA pursued this case.  *Dow IV*, 2015 WL 5766257, at \*5–7.  In particular, the court reiterated that NOVA's claims for relief "just didn't stand up" and were "not even plausible."  *Id.* at \*6 (internal quotation marks omitted); *see also id.* at \*2–3 (reiterating the insufficiency of NOVA's allegations).  It also stated that NOVA "could have dealt with the situation" in "less inflammatory ways."  *Id.* at \*5.  The court concluded that, despite the "high burden" applicable, NOVA "nonetheless moved forward with its theories, theories which the [c]ourt ultimately found were not even plausible."  *Id.* at \*6.

The district court then awarded Dow nearly $2.5 million in § 285 attorney fees.  J.A. 1.  NOVA timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

II. DISCUSSION

On appeal, NOVA only challenges the district court's exceptional-case determination under § 285. It does not dispute the amount of attorney fees awarded. Nor does it dispute that § 285 is applicable. *See Dow IV*, 2015 WL 5766257, at *5 n.2 (noting that NOVA did not dispute the applicability of § 285 before the district court).

An exceptional case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* We review "all aspects of a district court's § 285 determination" for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1749 (2014). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* at 1748 n.2 (quoting *Cooter & Gell v. Hartmarx Corp.*, 596 U.S. 384, 405 (1990)).

A

NOVA argues that the district court committed legal error, and thus abused its discretion, by looking to NOVA's pursuit of the equity action as "[t]he overriding factor," rather than considering the totality of the circumstances, and also erred in finding that the filing of an equity action—regardless of its merit—could be subject to a fee award. Appellants' Opening Br. 34. According to NOVA, the court improperly viewed NOVA's pursuit of the equity action to be an "extreme[] tactic" and incorrectly suggested that there were "other, less inflammatory ways [NOVA] could have dealt with the situation." *Dow*

*IV*, 2015 WL 5766257, at *5–6.  NOVA acknowledges that it faced a "high burden" in the equity action but argues that the district court legally erred by relying on the extraordinary nature of relief sought to create a "Catch-22" situation wherein the mere filing of an independent action to set aside a prior judgment would render a case exceptional under § 285.  Appellants' Opening Br. 36–38 (internal quotation marks omitted).  We agree with NOVA to the extent that the filing of an action to set aside a prior judgment, without more, does not render a case exceptional per se.

Due to the applicable Rule 60(b)(3) time-bar and other circumstances, NOVA is correct that the pursuit of a separate action in equity was "the only federal court option" available for it to set aside the 2010 judgment.[1] Appellants' Opening Br. 35.  Dow submits that rather than file the equity action, NOVA could have requested additional discovery in the infringement action or filed a motion under Federal Rule of Civil Procedure 60(b)(4) on grounds that the 2010 judgment was void for lack of standing.  But those suggestions are unhelpful.  Dow conceded at oral argument that even armed with additional evidence from further discovery, NOVA would have still been required to file a separate action to set aside the 2010 judgment.  Oral Argument 17:55–18:36, *available at* http://oralarguments.cafc.uscourts.gov/mp3/2016-1576.mp3.  And Dow's suggestion of filing a Rule 60(b)(4) motion relates only to raising a lack of standing; it does

---

[1]    Such an action is permitted under Federal Rules of Civil Procedure 60(d)(1) and 60(d)(1)(3).  *See* Fed. R. Civ. P. 60(d)(1), (3) (stating that Rule 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment[] . . . or (3) set aside a judgment for fraud on the court").

not necessarily allow NOVA to also challenge how the infringement determination was previously procured.[2]

A party whose only option for relief from a prior judgment is to file a separate action in equity should not be disincentivized from doing so if that party has a plausible basis for relief. Therefore, despite the extraordinary nature of relief that NOVA sought, the district court erred to the extent it based its exceptional-case determination on NOVA's filing of the equity action itself.

B

But that does not end our review of the district court's exceptional-case determination. The district court did not base its analysis solely, or even primarily, on the fact that NOVA filed an equity action. Rather, it expressly relied on alternative grounds, holding the case to be "exceptional, *both* in the substantive *strength* of NOVA's litigating position and in the *manner* in which the case was litigated." *Dow IV*, 2015 WL 2766257, at *5 (emphases added). At a minimum, the court did not abuse its discretion in concluding that the case was exceptional due to the substantive strength of NOVA's litigating position.

The substantive strength of a party's litigating position can—i.e., whether it is objectively baseless—independently support an exceptional-case determination. *See Octane Fitness*, 134 S. Ct. at 1756 ("[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . *or* the unreasonable manner in which the case was litigated." (emphasis added)). Thus, "a case presenting . . . exceptionally meritless claims may sufficiently set

---

[2]    Dow states in its briefing that a Rule 60(b)(4) motion "would have failed." Appellee's Br. 48. It is unclear if Dow means that such a motion would have been procedurally improper or failed on the merits.

itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. In this regard, "[i]t is the 'substantive *strength* of the party's litigating position' that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (quoting *Octane Fitness*, 134 S. Ct. at 1756).

NOVA's allegations of fraud in this case mainly rested on "purportedly conflicting testimony" from the Louisiana action and the Canadian action. *Dow IV*, 2015 WL 2766257, at *7. But as explained by the district court, the arguable inconsistencies in those other actions, even if proven, were immaterial to the 2010 judgment. We previously held with respect to standing that, as a legal matter, the relevant patent transfer agreement unambiguously provided that Schedule A defined the scope of the transfer. *Dow I*, 458 F. App'x at 914. The district court did not abuse its discretion in holding that NOVA had failed to sufficiently challenge, based on a generic inconsistent statement, the authenticity of the document held to be the operative version of Schedule A. *Dow IV*, 2015 WL 2766257, at *2. NOVA's allegations of fraud regarding the infringement determination are just as baseless, if not more. As the district court observed, Dr. Soares's testimony in the Canadian action was not necessarily inconsistent with his prior infringement testimony and, in any event, did not directly relate to the limitation that had been the focus of the parties' underlying infringement dispute. *Id.* The district court therefore did not abuse its discretion in holding that NOVA's litigating position was objectively baseless.

NOVA contends that the district court "compound[ed] its error" by relying on the extensiveness of NOVA's pre-suit investigation to support the exceptional-case determination. Appellants' Opening Br. 38. The court pointed out that NOVA's pre-suit diligence "*confirm[ed]* the extraordinary nature of this case." *Dow IV*, 2015 WL

5766257, at *6. To the extent the district court relied on NOVA's extensive pre-suit diligence to support an exceptional-case finding, doing so would appear counterintuitive. In context, though, we think the better reading is that the district court properly relied on the extensiveness of NOVA's pre-suit diligence to confirm NOVA's high burden and the gravity of its allegations. The court did not rely on the pre-suit diligence itself as an independent basis to find the case exceptional. It later clarified that even though NOVA's pre-suit diligence "undercut[] Dow's assertion" of bad faith, "it d[id] nothing to sway the [c]ourt to find that this case [wa]s not *exceptional*." *Id.* We agree, as a general matter, that the extent of a party's pre-suit investigation or how fervently it believed in its allegations does not affect the objective strength of that party's litigating position.

At a minimum, the district court did not abuse its discretion in holding that NOVA's litigating position was objectively baseless.

C

NOVA also argues that the district court legally erred by "consider[ing] this case in comparison to the full panoply of patent cases." *Id.* at *7. According to NOVA, the court should have considered whether the equity action stood out from other actions to set aside a prior judgment, rather than considering whether the equity action stood out from other patent cases more generally. Otherwise, it contends, an action to set aside a prior judgment would always be exceptional because, "[b]y necessity," it would "stand out" from the traditional patent infringement case." Appellants' Opening Br. 40. NOVA's argument is unavailing.

NOVA fails to cite any legal precedent to support its position that a district court's baseline for comparison is so restricted in a § 285 analysis. Oral Argument 0:32–2:29. One could always search for more similar cases for

comparison.  Taken to its logical conclusion, continuing to narrow the universe of comparators to cases resolved on similar procedural postures, legal grounds, or facts would leave few or no comparators remaining.  We decline to hold that the district court erred in comparing this case to other patent cases more generally.

Any concern regarding the district court's comparison is tempered because, again, it did not hold that this case stood out merely because NOVA requested that a prior judgment be set aside for fraud whereas many other patent cases do not present such circumstances.  The equity action was a direct extension of, and intertwined with, the prior infringement action.[3]  Requiring the district court in this circumstance to narrow its comparison to other independent actions requesting relief from judgment would run counter to the Supreme Court's general instruction that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756.  The district court therefore did not commit reversible error in comparing this case to patent cases more generally.

We have considered NOVA's remaining arguments and find them unpersuasive.

### III. CONCLUSION

For the foregoing reasons, the district court did not abuse its discretion in determining, under the totality of

---

[3]    But for the relevant time-bar, NOVA may have filed its request to set aside the 2010 judgment through a Rule 60(b)(3) motion, in which case its argument for excising patent infringement cases from the universe of § 285 comparators would lose considerable, if not all, force.

the circumstances, that this case was exceptional under § 285.

## AFFIRMED.

### COSTS

Costs to Appellee.