# United States Court of Appeals for the Federal Circuit

---

**MOSAIC BRANDS, INC.,**
*Plaintiff/Counterclaim Defendant-Appellant*

**LE HOLDINGS LLC, JGL ENTERPRISES INC.,**
*Third-Party Defendants-Appellees*

**v.**

**RIDGE WALLET LLC,**
*Defendant/Third Party Plaintiff/Counterclaimant-Cross-Appellant*

---

2022-1001, 2022-1002

---

Appeals from the United States District Court for the Central District of California in No. 2:20-cv-04556-AB-JC, Judge Andre Birotte, Jr.

---

Decided:  December 20, 2022

---

STEPHEN M. LOBBIN, SML Avvocati PC, La Jolla, CA, argued for plaintiff/counterclaim defendant-appellant and third-party defendants-appellees.

BENJAMIN EDWARD WEED, K&L Gates LLP, Chicago, IL, argued for defendant/third party plaintiff/counterclaimant-cross-appellant.  Also represented by GINA A.

JOHNSON; MICHAEL HARRIS, JONATHAN PEARCE, SoCal IP Law Group LLP, Westlake Village, CA.

—————————————

Before NEWMAN, PROST, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

This is an intellectual property case about wallets. Mosaic Brands, Inc. d/b/a Storus ("Mosaic") and Ridge Wallet LLC ("Ridge") make similar money-clip wallets. Each company accuses the other of patent infringement. Mosaic asserts that Ridge infringes its U.S. Patent No. 7,334,616 ("'616 patent") as well as Mosaic's trade dress. Ridge denies these allegations and further contends that Mosaic infringes its U.S. Patent No. 10,791,808 ("'808 patent").

Following claim construction, the parties stipulated that Mosaic cannot prove infringement of its '616 patent. The District Court then granted summary judgment of invalidity of Ridge's '808 patent, based on anticipation, and denied Mosaic's motion for summary judgment that Ridge had obtained its '808 patent through inequitable conduct. The District Court also granted summary judgment to Ridge on Mosaic's trade dress claim, finding the trade dress invalid on multiple grounds. Mosaic and Ridge both appealed.

As explained below, we affirm the District Court's claim construction and, accordingly, its dismissal of Mosaic's claim that Ridge infringes the '616 patent. However, because we find genuine disputes of material fact as to whether Mosaic's Smart Money Clip II product is prior art to Ridge's patent, we reverse the grant of summary judgment of invalidity of Ridge's '808 patent. We also vacate the District Court's denial of summary judgment on Mosaic's inequitable conduct defense. Finally, we affirm the District Court's grant of summary judgment that Mosaic's trade dress is invalid.

I

Mosaic manufactures a money-clip wallet called the Smart Money Clip II ("SMCII"). Ridge makes a wallet, named the Ridge Wallet,[1] that is nearly identical to the SMCII. When Mosaic learned of the Ridge Wallet, it sued Ridge for infringement of its '616 patent and its trade dress. A few months later, the U.S. Patent and Trademark Office ("PTO") issued the '808 patent to Ridge, and Ridge promptly asserted a counterclaim against Mosaic for infringing the newly issued patent.[2] Mosaic then raised affirmative defenses of invalidity and unenforceability due to inequitable conduct; it did not, however, assert inequitable conduct as a counterclaim.[3]

---

[1]    We refer to the company as "Ridge" and the product as the "Ridge Wallet."

[2]    Ridge also filed a third-party complaint against LE Holdings, LLC and JGL Enterprises, seeking a declaratory judgment of unenforceability of Mosaic's '616 patent and Mosaic's alleged trade dress. Mosaic contends it has received an exclusive license to this intellectual property from LE Holdings and that JGL Enterprises is the owner of any trade dress in the SMCII. No issues concerning the accusations noted in this footnote are part of this appeal. In light of our disposition, it will be for the District Court to determine whether – and, if so, what – additional proceedings are needed with respect to these matters.

[3]    *See generally Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1371 (Fed. Cir. 2006) (recognizing that inequitable conduct may be raised as either defense or counterclaim); *see also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993) (distinguishing between affirmative defenses and counterclaims in patent cases).

4                        MOSAIC BRANDS, INC. v. RIDGE WALLET LLC

The District Court treated the first claims of Mosaic's '616 patent and Ridge's '808 patent as representative, and neither party argues this was error. Claim 1 of the '616 patent recites (with emphasis added):

> [a] holder for securely and simultaneously retaining flexible articles and rigid cards, said holder comprising:
>
> a) a nominally rectangular and nominally flat planar first panel having interior and exterior surfaces, a *lip* extending nominally around three edges of said first panel along said interior surfaces, said lip being at right angles to the plane of said first panel;
>
> b) a nominally rectangular and nominally flat planar second panel having interior and exterior surfaces, a lip extending nominally around three edges of said second panel along said interior surface and configured to form a mirror image of said first panel, said second panel being adapted to be attached to said first panel along said three edges to form an open-ended enclosure of sufficient size to store said rigid cards within said interior of said enclosure, said enclosure being nominally rectangular with two longitudinal sides, an open end, and a closed end;
>
> c) a resilient article retaining member having an attached end and a free end extending from one end of said enclosure and over the exterior of said first panel, said free end of said article retaining member being biased toward said exterior surface of said first panel;
>
> wherein said first panel and said second panel each has lips *of varying thickness*.

Claim 1 of the '808 patent recites:

[a] compact wallet, comprising:

at least two rigid plates interposed to sandwich card-like contents there between, each rigid plate having a longitudinal extent;

at least one encircling elastic band interposed with the at least two rigid plates along longitudinal extents thereof to bias them inwardly and securely hold the card-like contents while providing elastic volume there between for adding or removing contents;

a channeling means configured to minimize the profile of the wallet and hold position of the at least one encircling elastic band with respect to each rigid plate while allowing freedom for the dynamic extension and contraction of the band over the entire running length thereof; and

an auxiliary feature removably attached to at least one of the at least two rigid plates, the auxiliary feature having a tang insertable into a recess formed inside the at least two rigid plates, the tang having a hook, the hook extending at an angle to the tang, the hook engaging an undercut of the recess to prevent inadvertent dislodgement of the auxiliary feature from the recess,

whereby, card-like contents may be carried with minimal silhouette on or with a person while allowing expandable capacity and ready access to individual contents from between the at least two rigid plates.

The District Court construed two terms of the '616 patent that are contested in this appeal. First, it construed "lip" as a "connector made of extrudable or injectable plastic material that defines the outer dimension of enclosure" and explained that the first and second panels must have "separate and independent" lips. J.A. 21-22. Second, it

construed "of varying thickness" to mean "having a thickness, defining the outer dimensions of the holder, that causes the outer dimensions of the holder to be thicker in some parts and thinner in others." J.A. 25. Following claim construction, Mosaic conceded that it could not prevail on its '616 patent infringement claims and stipulated with Ridge to a dismissal subject to the right to appeal the Court's constructions.

Subsequently, both parties moved for summary judgment on other issues, and the District Court found that (1) certain claims of the '808 patent[4] were invalid as anticipated by Mosaic's SMCII, (2) Mosaic's motion for summary judgment with respect to inequitable conduct making Ridge's '808 patent unenforceable was moot, and (3) Mosaic's putative trade dress was invalid as functional, lacking in secondary meaning, and abandoned.

Mosaic filed a motion for reconsideration, asking the Court to address inequitable conduct despite its mootness, on the grounds that the "defense is still relevant to [Mosaic's] request for attorney's fees under 35 U.S.C. § 285" and that "as a practical matter of judicial economy" it

---

[4]    The District Court's order broadly declares it is granting Mosaic's motion "that the '808 patent is invalid under §102(a)," without identifying which claims are being found invalid. J.A. 728. The record before us is unclear as to which claims Ridge asserted against Mosaic. *See* J.A. 835 (referencing only claim 1); J.A. 838 (generally alleging "Mosaic Brands infringes Ridge's '808 patent"). Mosaic appears to cite only claim 1 in its counterclaim for invalidity, but its brief supporting summary judgment argues for invalidity of claims 1-3, 6, 9, and 13-18. Because we remand for further proceedings, we leave it to the District Court to clarify which claims are being adjudicated with respect to infringement and validity.

would be helpful for the parties to know the Court's views before any appeal. J.A. 9 (internal quotation marks omitted). The District Court agreed that "addressing Plaintiff's inequitable conduct defense now would help clarify certain issues with Plaintiff's defense," and it went on to assess the merits of Mosaic's arguments, as it had discretion to do.[5] J.A. 11. The Court then explained that Mosaic had met part, but only part, of its burden of proving inequitable conduct and suggested there would be later proceedings at which Mosaic might have another opportunity to present additional evidence. Based on this reasoning, the Court granted Mosaic's request for reconsideration but denied its motion for summary judgment on inequitable conduct.

The Court entered final judgment of no liability for both Mosaic and Ridge. Both parties timely appealed.

## II

We have jurisdiction under 28 U.S.C. § 1295(a)(1).

In the course of this case, we questioned the parties as to whether, given the status of the inequitable conduct defense, there is a reviewable final judgment. *See* Dkt. No. 45. In the same order in which the District Court granted summary judgment of invalidity with respect to Ridge's '808 patent, the Court denied as moot Mosaic's motion for summary judgment that the patent is also unenforceable

---

[5]    While it was well within the District Court's discretion to consider inequitable conduct in connection with Mosaic's motion to recover attorney's fees, the District Court likewise had discretion to refrain from addressing any issues solely related to § 285 until after completion of any appeals from a final judgment on other issues. *See, e.g.*, *Nova Chems. Corp. (Canada) v. Dow Chem. Co.*, 856 F.3d 1012, 1015-16 (Fed. Cir. 2017); *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1375 (Fed. Cir. 2011).

due to inequitable conduct.  The District Court was correct: once it had found Ridge's patent claims invalid as anticipated, Mosaic could not have been found liable for infringing invalid claims, so Mosaic's defense that those same claims were unenforceable due to inequitable conduct became a moot issue.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015) ("[I]f . . . an act that would have been an infringement . . . pertains to a patent that is shown to be invalid, there is no patent to be infringed."); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1383 (Fed. Cir. 2007).  *But see Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1366 & n.11 (Fed. Cir. 2008) (explaining that finding of invalidity of certain claims does not moot *counterclaim* for inequitable conduct directed to entire patent).

That the District Court went on to analyze the merits of inequitable conduct in connection with Mosaic's motion for reconsideration also does not deprive us of jurisdiction.  On reconsideration, the District Court concluded that Mosaic's SMCII was material prior art that Ridge should have disclosed to the PTO during prosecution of Ridge's '808 patent, but also that Mosaic had not (yet, at least) proven that Ridge intended to deceive the PTO.  Because inequitable conduct was in the case only as an affirmative defense, the denial of summary judgment – whether due to mootness or an insufficient showing on the merits – merged with the final judgment entered by the District Court, and we have jurisdiction.  *See Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991); s*ee also W.L. Gore v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 863 (Fed. Cir. 1992) (stating "undecided defense does not render the judgment nonfinal").

## III

### A

With respect to Mosaic's assertion that Ridge infringes its '616 patent, Mosaic appeals the District Court's

construction of two terms: "lip" and "of varying thickness." "We review a district court's claim construction de novo" and review any "underlying factual determinations for clear error." *Genuine Enabling Tech. LLC v. Nintendo Co.*, 29 F.4th 1365, 1372 (Fed. Cir. 2022).

1

The District Court construed the claim term "lip" as a "connector made of extrudable or injectable plastic material that defines the outer dimensions of enclosure." J.A. 21. Mosaic argues this construction is too narrow as the "lip" of the claims need not be made of "extruded plastic" but may, instead, be manufactured with any "softer, flexible material," including silicone or elastic. *See* Mosaic's Principal Br. 32. Mosaic's proposed construction is "connector defining outer dimension of enclosure."[6] *Id.* Ridge defends the District Court's construction.

We agree with the District Court. The written description of the '616 patent expressly states that "the device of the present invention is constructed of extrudable plastic materials." J.A. 1444 ('616 patent at 1:22-23); *see also* J.A. 1438 ('616 patent Abstract) ("The product is constructed of three extrudable plastic material parts . . . ."). The patent also emphasizes the benefits of using extrudable plastic and describes them as benefits from the invention as a

---

[6] Mosaic also suggests that the first and second panels do not need to have separate and independent lips. To the extent Mosaic is challenging the District Court's construction of "said first and second panel having lips" as requiring "separate and independent lips," the patent is clear: both the first and second panels must "each" have lips. J.A. 1446 ('616 patent at 5:33-34); *see also* J.A. 1446 ('616 patent at 5:22) (requiring panels to be "mirror image[s]" of one another).

whole.  *See* J.A. 1444-45 ('616 patent at 1:22-25, 3:17-22, 4:13-15).  While claims are not always limited to what a patent describes as "the present invention," *see Cont'l Cirs. LLC v. Intel Corp.*, 915 F.3d 788, 798-99 (Fed. Cir. 2019) (finding no disclaimer where use of "the present invention" does not describe invention as a whole), here, in context, a person of ordinary skill in the art would have understood the "present invention" statements as describing the claimed invention as a whole, *see Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1308 (Fed. Cir. 2007) ("When a patent . . . describes the features of the 'present invention' *as a whole*, this description functions as a disclaimer that limits the scope of the invention.") (emphasis added).  Contrary to Mosaic's suggestions, these statements are not limited to a best mode or particular embodiments.  Instead, the '616 patent uses "the present invention" to describe the invention as a whole, thereby disclaiming inventions constructed out of materials other than extrudable plastic.

Thus, the District Court did not err in construing "lip" as being limited to extrudable plastic materials.

2

The District Court construed "of varying thickness" as "having a thickness, defining the outer dimensions of the holder, that causes the outer dimensions of the holder to be thicker in some parts and thinner in others."  J.A. 24-25.  Mosaic contends that the proper construction is plain and ordinary meaning.  Ridge responds that the District Court's construction is correct and also that it is the term's plain and ordinary meaning.

Mosaic insists "it is clear that 'of varying thickness' is used in its plain and ordinary meaning throughout the patent."  Mosaic's Principal Br. 34.  But it offers no intrinsic evidence for this position, only extrinsic dictionary definitions and attorney argument.  Mosaic also fails to explain

what is incorrect about the District Court's construction or how it deviates from the plain and ordinary meaning.[7]

The District Court's construction is correct, and we affirm it.

B

The District Court granted Mosaic's motion for summary judgment that the challenged claims of Ridge's '808 patent are invalid as anticipated by Mosaic's SMCII. Because the record reveals a genuine dispute of material fact as to whether the SMCII is prior art, we reverse.

We review grants of summary judgment under the law of the regional circuit in which the District Court sits, here the Ninth Circuit. *See Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019). The Ninth Circuit reviews summary judgment rulings de novo. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). We must draw all reasonable inferences in the non-moving party's favor. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Therefore, "a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity

---

[7]    In its reply brief, Mosaic argues the District Court read additional limitations into the term when it held that the lips "defin[e] the outer dimensions of the holder" and "caus[e] the outer dimensions of the holder to be thicker in some parts and thinner in others." Mosaic's Resp. & Reply Br. 18. Mosaic did not clearly argue these portions of the District Court's claim construction were incorrect in its opening brief. "Arguments raised for the first time in a reply brief are not properly before this court." *United States v. Ford Motor Co.*, 463 F.3d 1267, 1276 (Fed. Cir. 2006). Hence, we have not considered this untimely contention.

that no reasonable jury could find otherwise." *SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006).

Whether the SMCII is prior art to Ridge's '808 patent depends on when units of the SMCII, which indisputably contained all of the elements of Ridge's claims,[8] were first sold. Mosaic, based in large part on the testimony of the SMCII's inventor, Scott Kaminski, contends the SMCII was first sold in 2011, more than a year before Ridge filed its application that became the '808 patent. The District Court agreed with Mosaic. Ridge argues that the District Court erred in two respects. First, in Ridge's view, Kaminski's testimony lacked sufficient corroboration as a matter of law. Second, Ridge asserts there is a genuine dispute as to the material fact of Kaminski's credibility. While we reject Ridge's first contention, we agree with the second.

We first consider whether Mosaic produced sufficient evidence of corroboration. When a party claims that its own invention predates, and thereby anticipates, a patent asserted against it, the oral testimony of the inventor of the purported prior art must be corroborated.[9] *See TransWeb,*

---

[8]    On appeal, Ridge insists there is a genuine dispute as to whether the SMCII practices each limitation of the '808 patent. Ridge forfeited its arguments on this point by not raising them in District Court, and we do not address them here. *See Cal. Ridge Wind Energy LLC v. United States*, 959 F.3d 1345, 1351 (Fed. Cir. 2020) ("We may deem an argument forfeited when a party raises it for the first time on appeal.").

[9]    Our cases on corroboration of an inventor's testimony have arisen in various contexts and procedural postures. We apply the same standard to determine if inventor testimony is sufficiently corroborated for all § 102 issues. *See, e.g., Finnigan Corp. v. Int'l Trade Comm'n*, 180

*LLC v. 3M Innovative Props. Co.*, 812 F.3d 1295, 1301 (Fed. Cir. 2016); *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1350 (Fed. Cir. 2001). This is to protect against fraud and "provide[] an additional safeguard against courts being deceived by inventors who may be tempted to mischaracterize the events of the past." *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1170 (Fed. Cir. 2006). Possible corroborating evidence, from most to least probative, includes documentary and physical evidence created at the time of conception or reduction to practice, circumstantial documentary evidence about the inventive process, and oral testimony by someone other than the inventor. *See Sandt*, 264 F.3d at 1350-51.

"When determining whether an alleged inventor's testimony is sufficiently corroborated, we apply a rule-of-reason analysis and consider all pertinent evidence." *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374 (Fed. Cir. 2009). This rule-of-reason analysis does not require every aspect of an inventor's testimony to be explicitly corroborated with a source independent of the inventor. *See TransWeb*, 812 F.3d at 1301-02; *see also Medichem*, 437 F.3d at 1171 ("[T]he law does not impose an impossible standard of independence on corroborative evidence by requiring that every point of a reduction to practice be corroborated by evidence having a source totally independent of the inventor.") (internal alterations, quotation marks, and citation omitted).

---

F.3d 1354, 1367 (Fed. Cir. 1999) ("While this court has in the past applied the requirement of corroboration more often in the context of priority disputes under 35 U.S.C. § 102(g), corroboration has been required to prove invalidity under other subsections of § 102 as well.") (internal footnote omitted).

"In applying the rule of reason test, all pertinent evidence is examined in order to determine whether the inventor's story is credible." *Sandt*, 264 F.3d at 1350 (internal quotation marks and citation omitted). "[T]he credibility (and therefore corroborative value) of an inventor's [documentary evidence] may vary" and may well, therefore, be subject to dispute. *Medichem*, 437 F.3d at 1170. Whether testimony is sufficiently corroborated is ultimately a question of fact. *See TransWeb*, 812 F.3d at 1302; *see also Lazare Kaplan Int'l v. Photoscribe Techs., Inc.*, 628 F.3d 1359, (Fed. Cir. 2010) ("Under this [rule-of-reason] analysis, this court evaluates all of the pertinent evidence so that a sound determination of the credibility of the [witness's] story may be reached.") (bracketed alterations in original; internal quotation marks and citation omitted); *Adenta GmbH v. Orthoarm, Inc.*, 501 F.3d 1364, 1371-72 (Fed. Cir. 2007) ("Assessing the sufficiency of evidence which corroborates a witness's testimony concerning invalidating activities has been analyzed under the 'rule of reason' test, and it is a jury question."). Hence, "each corroboration case must be decided on its own facts with a view to deciding whether the evidence as a whole is persuasive." *Cooper v. Goldfarb*, 154 F.3d 1321, 1331 (Fed. Cir. 1998).

Here, the SMCII's inventor, Kaminski, testified that the SMCII was first sold in 2011. In support, he attached to his declaration (1) design plans for the SMCII from October 19, 2010, and (2) invoices seemingly showing that the SMCII was sold at a trade show in 2011. If a reasonable factfinder credits Kaminski's testimony and finds his documents to be authentic, which she could, this collection of evidence would provide a sufficient basis from which the factfinder could find that the SMCII was on sale by 2011. *See Sandt*, 264 F.3d at 1351-52. As the District Court accurately explained, the design drawings in our record are akin to the abandoned patent application and design drawings we had before us in *Sandt*; and the invoices here are

comparable to the invoices in that case as well. Indeed, the documents attached to Kaminski's declaration could be found to fall into what we have described as the "most reliable" form of corroboration: "[d]ocumentary . . . evidence that is made contemporaneously with" the events requiring corroboration. *Id.* at 1350-51. Therefore, consistent with the District Court's analysis, "a reasonable fact finder could have concluded that clear and convincing evidence showed that a public use or sale" of Mosaic's SCMII occurred more than a year before Ridge presented its claims to the PTO. *Adenta*, 501 F.3d at 1372.

While the District Court correctly concluded that the evidence was sufficient to satisfy the corroboration requirement, the District Court erred by proceeding to grant summary judgment of anticipation. Finding that Mosaic presented legally *sufficient* evidence to corroborate the inventor's testimony does not necessarily mean that Mosaic's evidence would also lead every reasonable factfinder – taking the evidence in the light most favorable to Ridge, as the non-moving party – to find by clear and convincing evidence that the SMCII does, in fact, predate the '808 patent's critical date. *See Sandt*, 264 F.3d at 1352 (affirming grant of summary judgment where "[a] reasonable jury *could only conclude* that the drawing shows the second stainless steel plate") (emphasis added). Before the anticipation issue presented in this case can be resolved, a factfinder will have to evaluate the credibility and persuasiveness of the evidence of corroboration and make its own judgment as to whether Mosaic has proven, clearly and convincingly, that the SMCII is prior art to Ridge's '818 patent. *See id.* at 1357 (Dyk, J., concurring) ("Even where our corroboration requirement is satisfied, in many cases summary judgment cannot be granted unless the prior inventor's testimony is considered to be credible. Even where there are no affidavits from the party opposing judgment (the patent holder), it will often be appropriate to deny

summary judgment because the prior inventor's testimony raises issues of credibility that require a trial.").[10]

Here the corroborating documents are only persuasive if the factfinder determines Kaminski is credible. Ridge has identified specific facts in the record that create doubt as to Kaminski's credibility and, relatedly, as to the authenticity of the documents Mosaic offered as corroboration of his testimony. *See* Ridge's Principal & Resp. Br. 30 (arguing that documents Kaminski provides "readily [could] have been back-dated"); D. Ct. Dkt. No. 115 at 4 ("Kaminski[']s[] credibility is an issue of material fact."); *id.* at 4–5 ("Mr. Kaminski's credibility and the dearth of evidence remains a disputed issue of material fact."); *see also* J.A. 7 (District Court noting Ridge's challenge to authenticity of Kaminski documents); J.A. 724 ("Defendant argues that Mr. Kaminski and his supporting documents lack credibility . . . ."). In particular, Ridge points to the lack of any contemporaneous images of the SMCII from 2011, the lack of documented sales from 2012 to 2019, Kaminski's motive to mispresent his invention date, the lack of any metadata confirming the documents' authenticity, and other alleged inconsistencies in Kaminski's representations. The absence of any third-party corroborating evidence further supports our conclusion that there is a genuine dispute as to the material fact of whether the SCMII is prior art.

Under these circumstances, Ridge is entitled to an opportunity to cross-examine Kaminski, in order to allow the

---

[10]   In *Sandt*, the party opposing summary judgment of anticipation waived any challenge to the credibility of the witness supporting the motion. *See* 264 F.3d at 1353 n.2. Here, by contrast, Ridge has consistently raised issues as to Kaminski's credibility and the authenticity of his documents.

factfinder to evaluate his credibility and the related issue of the authenticity of the corroborating documentary evidence. If the factfinder were to find that Kaminski is not credible, and that the documents on which Mosaic relies are not authentic, the record would then lack the requisite corroborating evidence and Mosaic would be unable to meet its clear and convincing burden. *See TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1158 (Fed. Cir. 2004) ("[S]ummary judgment is not appropriate where the opposing party offers specific facts that call into question the credibility of the movant[']s witnesses.").

The District Court appears to have based its summary judgment decision, at least in part, on its belief that Ridge produced no affirmative evidence challenging Kaminski's testimony. This was not consistent with our precedent, which holds that affirmative evidence is not always necessary in order to create a genuine dispute. *See Zenith*, 522 F.3d at 1363 ("A non-movant need not always provide affidavits or other evidence to defeat a summary judgment motion. If, for example, the movant bears the burden and its motion fails to satisfy that burden, the non-movant is not required to come forward with opposing evidence.") (internal quotation marks and citation omitted); *Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1368 (Fed. Cir. 2006) (same); *see also Cross v. United States*, 336 F.2d 431 (2d Cir. 1964) (reversing summary judgment, notwithstanding non-movant's failure to present affirmative evidence, because "disputed questions of fact turn[ed] exclusively on the credibility of movants' witnesses"); Fed. R. Civ. P. 56 Notes of Advisory Committee on Rules to 1963 Amend. ("Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate.").

Moreover, Ridge did present evidence, including at least a declaration from its Chief Executive Officer, Daniel Kane, who claims to have knowledge of the relevant

marketplace but had not heard of Mosaic or its product before 2019.  He does not believe it was first sold in 2011.  Instead, Kane's investigation of Mosaic's online presence led him to believe "that Mosaic first sold the wallet in 2019 it claims it sold in 2011."  J.A. 1574-76.  The District Court did not acknowledge this declaration testimony.

While Ridge did not depose any customer listed on the Mosaic invoices attached to the Kaminski declaration, and did not present an affidavit from any customer of Ridge or Mosaic, these arguable deficiencies do not change the reality that the record, taken as a whole – and, especially, when taken in the light most favorable to Ridge – shows a genuine dispute of material fact as to whether sales of the SCMII occurred prior to the critical date of Ridge's patent.

The burden of proof to invalidate Ridge's patent claims is a heavy one – clear and convincing evidence – and it is a burden that rests squarely on Mosaic.  *See Microsoft Corp. v. i4i Ltd.*, 564 U.S. 91, 95 (2011).  To obtain summary judgment of invalidity, Mosaic's challenge was even greater: to show that no reasonable factfinder, taking the evidence in the light most favorable to Ridge, could do anything other than find clear and convincing evidence of anticipation.  Mosaic failed to clear this high bar.  To the contrary, Ridge showed that Kaminski's credibility is a genuinely disputed material fact, thereby raising a related genuine dispute as to whether Mosaic's corroborating documentary evidence is what it purports to be.  Ridge's challenges to Kaminski's credibility and to the authenticity of Mosaic's documentary evidence render summary judgment unwarranted on the record before us.  *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1364 (Fed. Cir. 2019) ("Because the burden rests with the alleged infringer to present clear and convincing evidence supporting a finding of invalidity, granting judgment as a matter of law for the party carrying the burden of proof is generally reserved for extreme cases, such as when the opposing party's witness

makes a key admission.") (internal quotation marks and citation omitted).

Thus, we reverse and remand for further proceedings on whether the SMCII anticipates the '808 patent.

## C

Because we reverse the District Court's summary judgment of invalidity, we also vacate its denial of summary judgment on Mosaic's inequitable conduct defense. The District Court's conclusion that the SMCII was material prior art to Ridge's '808 patent will need to be reevaluated, as our ruling means it has not been determined whether the SMCII is even prior art. Because Ridge's infringement claim against Mosaic may now proceed, Mosaic is free to continue to assert inequitable conduct as an affirmative defense to infringement.

## D

Finally, we consider whether the District Court properly granted summary judgment to Ridge on Mosaic's trade dress claim. Mosaic alleged it has a valid trade dress for money-clip wallets consisting of the combination of (1) rounded edges, (2) a pronounced, off center, half-circle notch, (3) seven visible rivets along the border, (4) a "beer-glass" shaped money clip with a raised end, and (5) a carbon fiber exterior look. The District Court concluded that the asserted trade dress is invalid on three independent and sufficient grounds: (1) it is functional, (2) it lacks secondary meaning, and (3) it is abandoned. Applying de novo review, *see Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001), we affirm on the ground that the SMCII's design is functional. We have no need to decide whether to affirm the District Court on additional grounds as well. *See Creo Prods., Inc. v. Presstek, Inc.,* 305 F.3d 1337, 1351-52 (Fed. Cir. 2002) (affirming on one of three sufficient grounds and not considering other two).

We apply regional circuit law to issues relating to trade dress. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1317 (Fed. Cir. 2013). Trade dress protects the "total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Clicks Billiards*, 251 F.3d at 1257 (internal quotation marks and citation omitted). To show trade dress infringement under Ninth Circuit law, Mosaic must prove "(1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). When evaluating a trade dress claim, "it is crucial that we focus *not* on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create." *Clicks Billiards*, 251 F.3d at 1259.

"A product feature is functional and cannot serve as a trademark if the product feature is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant, non-reputation-related disadvantage." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1048 (9th Cir. 1998) (internal alterations and quotation marks omitted). "Functional features of a product are features which constitute the actual benefit that the consumer wishes to purchase, as distinguished from an assurance that a particular entity made, sponsored, or endorsed a product." *Rachel v. Banana Republic, Inc.*, 831 F.3d 1503, 1506 (9th Cir. 1987) (internal quotation marks and citation omitted). The party "who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional." 15 U.S.C. § 1125(a)(3).

Reviewing the record in the light most favorable to Mosaic as the non-moving party, the District Court correctly

concluded there is no genuine dispute of material fact as to whether Mosaic's putative trade dress is functional. Ridge introduced unrebutted testimony and documentary evidence explaining the utility of each aspect of Mosaic's asserted trade dress and further testimony explaining why the overall design is functional as a whole. For instance, the rounded edges help prevent snagging, J.A. 1444 ('616 patent at 1:66-2:1), and the notch allows users to easily remove cards from the wallet, J.A. 1445 ('616 patent at 4:50-57), J.A. 1431. The "beer glass" shaped clip is tapered, allowing the wallet to "slide in and out of a pocket without ripping or tearing the fabric." J.A. 1433.

Mosaic did not introduce evidence from which a reasonable factfinder could refuse to credit Ridge's position on these points. To the contrary, Mosaic does not dispute that the rivets in its design hold the wallet together and the carbon fiber acts as a radio frequency identification blocking material. Mosaic also admits that the carbon fiber is light and its use in the wallet has an aesthetic function that is not merely source identifying. D. Ct. Dkt. No. 103-3 at 10 (Mosaic's expert explaining that SCMII's carbon fiber "provide[s] a very sleek, distinctive, and attractive look and feel for the product").

Mosaic's expert opined that Mosaic's design choices have "no utilitarian advantage[s] over alternative" design options. J.A. 207-08. Even crediting this view does not allow Mosaic to defeat summary judgment, as "the mere existence of alternatives does not render a product nonfunctional." *Talking Rain Beverage Co. v. S. Beach Beverage Co.*, 349 F.3d 601, 604 (9th Cir. 2003) (citing *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 33-34 (2001)).

In short, Mosaic did not meaningfully dispute the relevant facts, even though it bears the burden to show that its trade dress is non-functional. Therefore, even taking the facts in the light most favorable to Mosaic, any reasonable

factfinder, when confronted with this record, would have to conclude that the overall design of the SMCII reflects functional considerations that are intended to satisfy consumer preferences. Thus, the design is not protectable trade dress, and summary judgment for Ridge was appropriate. We affirm this portion of the District Court's order.

## IV

We have considered the parties' remaining arguments and find they neither merit discussion nor impact the outcome. Hence, we affirm Ridge's non-infringement of Mosaic's '616 patent, reverse the grant of summary judgment of invalidity of Ridge's '808 patent, vacate the District Court's denial of summary judgment on Mosaic's inequitable conduct defense, affirm Ridge's non-infringement of Mosaic's purported trade dress, and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED**

COSTS

Each party to bear its own costs.