NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**R.N NEHUSHTAN TRUST LTD.,**
*Plaintiff-Appellant*

**v.**

**APPLE INC.,**
*Defendant-Appellee*

_____

2024-1806

_____

Appeal from the United States District Court for the Northern District of California in No. 3:22-cv-01832-WHO, Judge William H. Orrick, III.

_____

Decided: January 14, 2026

_____

JOHN L. NORTH, Taylor Duma LLP, Atlanta, GA, argued for plaintiff-appellant. Also represented by PETER M. JONES, Atlanta, GA; ROBERT M. HARKINS, JR., Cherian LLP, Berkeley, CA; JAMES MICHAEL WOODS, Washington, DC.

BRITTANY BLUEITT AMADI, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, argued for defendant-appellee. Also represented by LAURA E. POWELL, REID

WHITAKER; KYLE EDWARDS HAUGH, San Francisco, CA; MARK D. SELWYN, Palo Alto, CA.

————————————

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Appellant R.N. Nehushtan Trust, Ltd. (RNN) brought this patent infringement suit against Appellee Apple Inc. (Apple) in the Northern District of California. RNN owns U.S. Patent Nos. 9,642,002 (the '002 patent) and 9,635,544 (the '544 patent), which are directed to improvements in cellular communication device security. Specifically, to better secure a setting wherein a cellular device's data may be read or edited, called "data mode," the patents disclose an "access restrictor to restrict use of said . . . mode in accordance with a device unique security setting [(DUSS)]." J.A. 3419, 4:1–3 ('002 patent). This lock-and-key relationship is implicated in all claims asserted against Apple, whom RNN accuses of using DUSS validation during certain device updates and downloads. The district court granted summary judgment in Apple's favor with respect to all claims. It did so because it reasoned that the patents required the DUSS be sufficient to unlock data mode, a requirement not satisfied by the accused features in Apple's products. RNN appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

The district court's claim constructions, which are unchallenged, are dispositive. Under those constructions, the DUSS must "grant[ ] access to a data mode." J.A. 38. Looking at the language of both patents, we agree with the district court that the claimed DUSS *itself* unlocks data mode and is not, as RNN argues, one of many components involved in triggering data mode. And we agree that this understanding is consistent with the patents' language, which establishes a unique relationship between DUSS validation and entry into data mode. *See, e.g.*, J.A. 3422,

9:20–22 ("[T]he data mode can only successfully be entered upon correct use of the device unique security setting, *and not otherwise*." (emphasis added)). This is not, contrary to RNN's assertions, an artificial narrowing of the claim language. Given RNN does not dispute that the accused features of Apple's products cannot, in isolation, unlock data mode—as we find the patent language requires—summary judgment of noninfringement was warranted. We therefore affirm the judgment of the district court. Because this ground for affirmance resolves the dispute between the parties regarding all asserted claims, we do not need to reach the district court's alternative grounds for granting summary judgment. *See Mosaic Brands, Inc. v. Ridge Wallet LLC*, 55 F.4th 1354, 1366 (Fed. Cir. 2022).

**AFFIRMED**